NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN R. VÁZQUEZ, | No. 21-16731 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-00045-DAD-SAB |
| v. | |
| E. CONANNAN; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted March 22, 2023**
San Francisco, California

Before: WALLACE, SILVERMAN, and N.R. SMITH, Circuit Judges.

Juan Vázquez appeals pro se from the district court's summary judgment for

California Department of Corrections and Rehabilitation employees Dr. Conanan,

Dr. Kamen, nurses Silveira and Van Blargen, and physician assistants Siegrist and

Hitchman (Defendants). We have jurisdiction under 28 U.S.C. § 1291. We review

---

&ast; This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

&ast;&ast; The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

de novo the district court's summary judgment. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

Vázquez alleges that Defendants acted with deliberate indifference in violation of the Eighth Amendment while he was an inmate at Avenal State Prison. Defendants, all medical practitioners, attended to Vázquez between late 2015 and early 2016 related to his repeated complaints of pain in his feet and heels. Due to former nerve injuries, Vázquez has mobility limitations and chronic pain and made multiple requests for a wheelchair so that he could put less pressure on his feet. After examinations, consultations, interviews, and observations of Vázquez—including Vázquez's admission that he jumps rope and their observations thereof—medical doctors Kamen and Conanan determined that a wheelchair was not presently medically indicated, and rescinded Vázquez's wheelchair accommodation. Nurses Van Blargen and Silveira and physician assistants Siegrist and Hitchman agreed from their multiple visits with Vázquez. They treated his wounds with sterilization and dressing, advised him to keep his feet clean and dry, and thought no further action was necessary. When podiatrist Dr. Zorilla evaluated Vázquez in February 2016, he recommended that Vázquez be issued a walker, and Siegrist agreed; Vázquez was issued a walker in late February 2016.

Vázquez sued Defendants under 42 U.S.C. § 1983, arguing that Defendants acted with deliberate indifference because they failed to respond reasonably to his

2

requests by not granting him access to a wheelchair until late February, allegedly causing his wounds to worsen during that time and subjecting him to the unnecessary and wanton infliction of pain. The district court adopted the magistrate judge's findings and recommendations that Defendants' motion for summary judgment be granted as it agreed that Vázquez had failed to establish deliberate indifference, holding that the undisputed evidence established that Defendants did act reasonably and made their medical decisions in good faith. Vázquez asks us to overturn the summary judgment, arguing that the district court did not view the facts in the light most favorable to Vázquez.

While Vázquez is correct that, at the summary judgment stage, the court must view evidence in the light most favorable to the nonmoving party, Vázquez may not rest on his pleadings. *Banks v. Bethlehem Steel Corp.*, 870 F.2d 1438, 1441 (9th Cir. 1989). He must set forth specific facts showing that there is a genuine issue for trial. *Bator v. State of Hawai'i*, 39 F.3d 1021, 1026 (9th Cir. 1994). Vázquez has not.

To prevail on a deliberate indifference claim under the Eighth Amendment, a plaintiff must establish two facts: (1) the existence of a serious medical need, and (2) that the defendants' "response to the need was deliberately indifferent." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The second part requires a showing that the defendants "[knew] of and disregard[ed] an excessive risk to inmate health and safety." *Toguchi*, 391 F.3d at 1057. A mere "'difference of medical opinion'

3

as to the need to pursue one course of treatment over another [is] insufficient, as a matter of law, to establish deliberate indifference." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc). A plaintiff must show that the treatment "was medically unacceptable under the circumstances" and was chosen "in conscious disregard of an excessive risk" to the plaintiff's health. *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016).

Although Vázquez may have established a serious medical need, the undisputed evidence shows that all Defendants did not disregard an excessive risk to his health and safety, and provided adequate medical treatment. Defendants conducted numerous physical exams reasonably quickly after Vázquez requested them, had interviews with Vázquez to ensure he received fair treatment, made referrals for specialized care, and treated his injuries according to acceptable industry standards. It was in Defendants' professional judgment that a wheelchair was not medically necessary.

While Vázquez may have disagreed, a patient's difference of medical opinion concerning the appropriate course of treatment is not sufficient to constitute deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). In addition, a difference of medical opinion among doctors about how to treat a patient is also insufficient to establish deliberate indifference, so long as the chosen

4

treatment was not medically unacceptable. *Toguchi*, 391 F.3d at 1058. Here, the undisputed evidence shows that Defendants' course of treatment for Vázquez—providing attentive wound care, constantly evaluating and observing him, and referring him to a specialist—was anything but unacceptable. Further, when in Defendants' professional opinions, a walker was deemed medically necessary for Vázquez, Defendants issued one. Vázquez has not demonstrated any genuine dispute of these facts.

**AFFIRMED.**